UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**STEVEN JOHNSON,**

    **Plaintiff,**

**vs.**                                  **CASE NO.:**

**PRECISION PROPERTY**
**MANAGEMENT, LLC and**
**JOHN BELLARDINE, Individually,**

    **Defendants.**

_____/

## COMPLAINT

Plaintiff, STEVEN JOHNSON, by and through his undersigned counsel, sues

the Defendants, PRECISION PROPERTY MANAGEMENT LLC, and JOHN

BELLARDINE, Individually, (hereinafter referred to as "Defendants") and alleges

as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to the Fair Labor Standards

Act of 1938, as amended, 29 U.S.C. § 201, et seq.

2.      Venue lies within United States District Court for the Middle District of

Florida, Tampa Division because a substantial part of the events giving rise to this

claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C.

1391(b).

## PARTIES

3.      Plaintiff, STEVEN JOHNSON, is a resident of Hillsborough County, Florida at all times material and worked for Defendant in this Juridical District during the applicable statute of limitations.

4.      Defendant, PRECISION PROPERTY MANAGEMENT LLC , is a Florida Limited Liability Company, authorized and doing business in this Judicial District.

5.      Defendant, JOHN BELLARDINE, was an officer of the Defendant Corporations and had direct responsibility and control over the compensation paid to employees of the organization.

6.      Defendants are an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A).

7.      Defendants are joint employers and/or a common enterprise.

8.      Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants were Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FACTUAL ALLEGATIONS

9.      Plaintiff, STEVEN JOHNSON, has been employed as a non-exempt employee with Defendant from approximately May 2025 to August 16, 2025 as a Lawn Care Tech.

10.      Plaintiff regularly worked in excess of 40 hours per work week for which

he is not compensated by Defendant at a rate of time and one half his regular hourly rate.

11.     Specifically, on August 1, 2025, Plaintiff texted JOHN BELLARDINE notifying him that he was not paid for all hours worked and was not paid time and one half his regular hourly rate for hours worked over 40.

12.     After Plaintiff made a complaint regarding unlawful pay practices, Defendant removed and reduced Plaintiff's future work schedule.

### COUNT I
### (Fair Labor Standard Act - Overtime)

13.     Plaintiff realleges paragraphs 1 through 12 as though set forth fully herein.

14.     The employment of Plaintiff provides for a forty (40) hour work week but throughout his respective employment Plaintiff is required to work and has worked a substantial number of hours in excess of forty (40) hours per work week.

15.     At all times material, Defendants have failed to comply with 29 U.S.C. § 201 et seq., in that Plaintiff works for Defendants in excess of the maximum hours provided by law, but no provision has been made by Defendants to compensate Plaintiff at the rate of time and one-half his regular rate of pay for the hours worked over forty (40) in a work week.

16.     Defendants' failure to pay Plaintiff the required overtime pay is intentional and willful.

17.     As a direct and legal consequence of Defendants' unlawful acts, Plaintiff has suffered damages and has incurred, and continues to incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, STEVEN JOHNSON, respectfully requests all legal and equitable relief allowed by law including judgment against Defendants for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendants' unlawful pay policy and such other relief as the court may deem just and proper.

## COUNT II
### (*Unpaid Wages, Section 448.08, Florida Statutes*)

18.     Plaintiff realleges paragraphs 1 through 12 as though set forth fully herein.

19.     Plaintiff earned wages over the course of his employment, which remain unpaid by Defendants.  Specifically, Plaintiff was not paid for all hours worked and was not paid time and one half his regular hourly rate for hours worked over 40.

20.     Defendants, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, have failed and refused to make payments as required by Chapter 448.08, Florida Statutes.

21.     Plaintiff has retained undersigned counsel and is obligated to pay them

a reasonable fee for their services.

**WHEREFORE**, Plaintiff, STEVEN JOHNSON, demands judgment against

Defendants for back pay, interest, attorneys' fees and costs and for such other relief

to which Plaintiff may be justly entitled.

**COUNT III**
**FAIR LABOR STANDARD ACT – RETALIATION**

22.     Plaintiff realleges paragraphs 1 through 12 as though set forth fully

herein.

23.     Plaintiff was terminated as a direct result of, and in retaliation for, his

reporting and opposing the above-described unlawful conduct.

24.     The above-described actions of Defendants constitute a violation of the

Fair Labor Standard Act, 29 U.S.C. § 215.

25.     As a result of the retaliatory actions of Defendants, Plaintiff has

suffered damages including lost wages, benefits, and other remuneration, emotional

distress and humiliation.  These losses are permanent or intermittent and will

continue into the future.

26.     As a result of Defendants' unlawful acts against Plaintiff, he has and

will continue to incur attorney's fees and costs.

WHEREFORE, Plaintiff, STEVEN JOHNSON, demands a trial by jury against

Defendants for compensatory damages, lost wages and benefits, prejudgment

interest, liquidated damages, attorney's fees and costs, and any other damages allowable by law.

## DEMAND FOR JURY TRIAL

27.    Plaintiff requests a jury trial on all issues so triable.

Dated this 6th day of October, 2025.


**FLORIN | GRAY**

*/s/ Troy E. Longman, II*
**TROY E. LONGMAN, II, ESQ.**
Florida Bar No.: 1031921
tlongman@floringray.com
**WOLFGANG M. FLORIN, ESQ.**
Florida Bar No.: 907804
wflorin@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942

*Trial Attorneys for Plaintiff*